IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN GORDON, a.k.a. SUSAN
CAIN-SMART

                    Plaintiff,                        No. CIV S-06-1881 DFL EFB PS

          vs.

BUTTE COUNTY, et al.,                        ORDER AND FINDINGS
                                             AND RECOMMENDATIONS
                    Defendants.
_____/

          Plaintiff, proceeding in this action pro se, was granted leave to proceed *in forma pauperis* by this court's order of September 12, 2006.  By that same order, the court dismissed the complaint and granted plaintiff leave to file an amended complaint.  On October 6, 2006, plaintiff filed an amended complaint, which adds the City of Paradise and the California Department of Corrections as defendants in addition to the defendants named in the original complaint.  The allegations in the amended complaint relate to plaintiff's 2003 arrest and conviction for battery and criminal threats, and the conditions of her subsequent imprisonment therefor.  Plaintiff alleges violations of her constitutional rights and brings suit pursuant to 42 U.S.C. § 1983.

////

////

1

I.        THE AMENDED COMPLAINT

Plaintiff has effectively organized the amended complaint into three separate causes of action, which the court addresses in that order below.

A.    First Cause of Action

Plaintiff's first cause of action alleges violations of plaintiff's constitutional rights by defendants Paradise Police Department and the City of Paradise.  Specifically, plaintiff alleges that on April 19, 2003, defendants falsely arrested and imprisoned her.  Plaintiff alleges that they used "excessive force and exceeded their authority in this arrest and incarceration," and that they did not "read [plaintiff] her rights."  Plaintiff also alleges that defendants did not allow her to make a telephone call.

Under 42 U.S.C. § 1983, a plaintiff  may pursue claims against "persons" acting under the color of state law.  The term "persons" in this context does not encompass municipal departments.  *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996) (holding that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality," and dismissing the Santa Clara Department of Corrections from the action); *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983").  Because the Paradise Police Department is effectively a department of the City of Paradise, the City is the appropriate defendant.

A municipality, such as the City of Paradise, cannot be held liable for civil rights violations under 42 U.S.C. § 1983 unless the alleged deprivation of civil rights was caused by official municipal policy or practice.  *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978).  Furthermore, to prevail on her section 1983 claim, plaintiff will have to show that the allegedly unconstitutional conduct by defendants was not merely a "single incident of unconstitutional activity" but rather caused by an "existing, unconstitutional policy, which policy

1  can be attributed to a municipal policymaker." *Fargo v. San Juan Bautista*, 857 F.2d 638, 643

2  (9th Cir. 1988) (quoting *City of Okl. City v. Tuttle*, 471 U.S. 808, 824 (1985)).  Plaintiff does not

3  allege that defendants committed any of the alleged acts pursuant to an official municipal policy

4  or practice.  Accordingly, plaintiff fails to state a claim against these defendants, and the

5  undersigned dismisses these claims with leave to amend.

6              B.  Second Cause of Action

7              Plaintiff's second cause of action alleges violations of plaintiff's constitutional

8  rights by defendants Butte County Board of Supervisors, Butte County, and [Butte County]

9  District Attorney's Office (Mike Ramsey).

10             Here, plaintiff seems to allege that the very charges brought by the District

11  Attorney's Office (for arson, criminal threats and assault and battery), were themselves

12  "violations of her rights under the federal constitution."  Plaintiff further alleges that "bail was

13  set at an unreasonable amount," and that she was denied telephone calls while detained in the

14  Butte County Jail.  Plaintiff also alleges that "Butte County's rush to judgement [*sic*] without

15  knowing the facts of the case and their decisions regarding incarceration of Plaintiff [w]as

16  'harassment' and a denial of [her] constitutional rights."

17             Plaintiff's suit against the Butte County District Attorney's Office for prosecuting

18  her is barred under the doctrine of prosecutorial immunity.

19             "Prosecutors are . . . entitled to absolute immunity from section 1983 claims."

20  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Imbler v. Pachtman*, 424 U.S.

21  409, 427 (1976)).  "Such immunity applies even if it leaves 'the genuinely wronged defendant

22  without civil redress against a prosecutor whose malicious or dishonest action deprives him of

23  liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427) (citations omitted).

24             Here, plaintiff alleges that the very charges filed by the District Attorney were

25  violations of her constitutional rights.  Such claims are barred by the doctrine of prosecutorial

26  immunity.  Accordingly, the court finds that the "Butte County District Attorney's Office" and

prosecutor Mike Ramsey (to the extent plaintiff meant to name him as a defendant) are entitled to immunity against plaintiff's section 1983 claims.  Thus, the court recommends that these defendants be dismissed with prejudice.

Plaintiff's suit under section 1983 over the amount of bail and the conditions of her detention pending sentencing are subject to the same analysis set forth in the preceding section.  The prosecutor and the court are absolutely immune from suit over their roles in establishing bail and conditions of release.  To the extent that plaintiff wishes to state a section 1983 claim against Butte County and the Butte County Board of Supervisors for these alleged constitutional violations, she must allege that the deprivation of civil rights was caused by official municipal policy or practice.  *Monell.*, 436 U.S. at 690-91.  Plaintiff has failed to do so.  Moreover, it is highly dubious that plaintiff could ever allege and establish that the County and the Board of Supervisors and not the court established the bail amount and conditions of release.  Plaintiff fails to state a claim against these defendants.  Accordingly, the court dismisses these claims with leave to amend.

Finally, to the extent plaintiff's allegations regarding the court proceedings leading to her conviction seek to challenge the actions taken in the state court proceedings, this court does not have jurisdiction to review such claims.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983);  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).[1]

////

---

[1] "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." *Samuel v. Michaud*, 980 F. Supp. 1381 1411-12 (D. Idaho 1996); *Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over § 1983 claim seeking, *inter alia*, implicit reversal of state trial court action); *MacKay v. Pfeil*, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of substantive defense improper under *Rooker-Feldman*).  That the federal district court action alleges the state court's action was unconstitutional does not change the rule.  *See Feldman*, 460 U.S. at 486.  A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision is barred by *Rooker-Feldman* because the federal court lacks subject matter jurisdiction.  *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

1   Similarly, to the extent plaintiff seeks to challenge the validity of her convictions, she fails to

2   state a claim in this regard as well.   The United States Supreme Court in *Heck v. Humphrey*, 512

3   U.S. 477 (1994), determined that a civil rights action which implicates the validity of a criminal

4   conviction cannot be brought until the conviction or sentence has been reversed on direct appeal.

5   More precisely, a section 1983 plaintiff must prove that the conviction or sentence has been

6   reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

7   authorized to make such determination, or called into question by a federal court's issuance of a

8   writ of habeas corpus under 28 U.S.C. § 2254.  A claim for damages based on an allegedly

9   wrongful conviction or sentence that has not been so invalidated is not cognizable under section

10  1983.  Because plaintiff has failed to allege or otherwise present evidence that her convictions

11  have been invalidated, expunged or reversed, this aspect of plaintiff's claim fails.

12              C.  Third Cause of Action

13              In plaintiff's third cause of action, she makes allegations against the Butte County

14  Sheriff's Office, the Butte County Jail and the [California] Department of Corrections.  This

15  claim relates to the conditions of plaintiff's confinement during her incarceration.  More

16  specifically, plaintiff alleges that she was wrongfully held in complete isolation for the better

17  part of a year, and that guards at the Butte County jail used excessive force against her, including

18  spraying her with pepper spray.  Plaintiff further alleges that she was transported to Chowchilla

19  State Prison, where she was further abused.  She alleges that the abuse caused her to suffer

20  trauma and bipolar episodes.  Plaintiff also alleges that she was denied medication for her bipolar

21  disorder.

22              With regard to plaintiff's claims related to her confinement in the Butte County

23  Jail, the amended complaint names only the Butte County Sheriff's Office and the Butte County

24  Jail as defendants.  By her allegations, it appears that plaintiff seeks to impose section 1983

25  liability on the county for the alleged wrongs she suffered while in county jail.  "A county is

26  subject to section 1983 liability for such suits if its policies, whether set by the government's

5

1   lawmakers 'or by those whose edicts or acts that may fairly be said to represent official policy,'

2   caused the particular constitutional violation at issue." *Streit v. Co. of Los Angeles*, 236 F.3d

3   552, 559 (9th Cir. 2001) (quoting *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. at

4   694).  Again, plaintiff fails to allege that the constitutional violations she asserts resulted from an

5   official policy, practice or custom of the named local governmental entities.  The court will grant

6   plaintiff leave to file a second amended complaint to cure this defect.

7           With regard to plaintiff's claims against the California Department of Corrections

8   concerning her confinement in state prison, such claims are barred under the Eleventh

9   Amendment.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private

10  parties against a state or state agency unless the state or the agency consents to such suit.  *See*

11  *Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam);

12  *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982); *Romano v. Bible*, 169 F.3d 1182,

13  1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)).  Section 1983

14  does not abrogate the states' Eleventh Amendment immunity from suit.  *See Quern v. Jordan*,

15  440 U.S. 332, 344-45 (1979).  Accordingly, as a general rule, states cannot be sued in federal

16  court for violating section 1983.  Although Congress may abrogate the states' constitutionally

17  secured immunity from suit in federal court through unmistakably clear statutory language,

18  plaintiff has pointed to no such abrogation relative to this action.  *Duffy v. Riveland*, 98 F.3d 447,

19  452 (9th Cir. 1996) (citing *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242 (1985)).

20          In the instant case, neither the State of California nor the Department of

21  Corrections have consented to suit, nor has plaintiff pointed to any abrogation of the State's

22  immunity relative to the claims concerning her confinement in state prison.  In the event plaintiff

23  can cure this defect, the court grants plaintiff leave to file a second amended complaint.

24  ////

25  ////

26  ////

1    II.    <u>CONCLUSION</u>

2          As set forth above, plaintiff will be given one more opportunity to amend her

3    complaint.  Plaintiff is informed that any amended complaint must stand on its own without

4    reference back to earlier filed complaints in this action.  The court will not refer to prior

5    pleadings in order to make an amended complaint complete.  Local Rule 15-220 requires that an

6    amended complaint be complete in itself.  This is because, as a general rule, an amended

7    complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

8    Accordingly, once plaintiff files an amended complaint, the original no longer serves any

9    function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original

10   complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644

11   F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer

12   defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

13         In accordance with the foregoing, IT IS HEREBY ORDERED that the first

14   amended complaint is dismissed with leave to file a second amended complaint.  Failure to file a

15   second amended complaint will result in a recommendation that this action be dismissed.

16         It is further RECOMMENDED that defendant "Butte County District Attorney's

17   Office (Mike Ramsey)" be dismissed from the action with prejudice.

18         These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

20   (10) days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   shall be served and filed within ten (10) days after service of the objections.  The parties are

24   ////

25   ////

26   ////

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

3   951 F.2d 1153, 1157 (9th Cir. 1991).

4   DATED:  December 4, 2006.

5

6   _____
    EDMUND F. BRENNAN
7   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26